# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-40479
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2023

Lyle W. Cayce
Clerk

Jill Trahan Dougay,

*Plaintiff—Appellee*,

*versus*

Dolgencorp of Texas, Incorporated, *doing business as Dollar General*,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-419

————————————————————

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

In this premises-liability suit, Defendant-Appellant Dolgencorp of Texas, Inc. ("Dollar General") appeals the district court's denials of its motion for judgment as a matter of law and renewed motion for judgment as

————————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40479

a matter of law following a jury verdict in favor of Plaintiff-Appellee Jill Trahan Dougay.  Finding no error, we AFFIRM.

**I.**

On April 28, 2019, Dougay was shopping at a Dollar General store in Bridge City, Texas.  While Dougay was walking down an aisle towards a store employee to ask a question, she tripped on a metal platform cart holding blue plastic swimming pools and sustained injuries to her foot and ankle.  Dougay filed a premises liability suit against Dollar General in Texas state court for damages she sustained as a result of the fall.  Dollar General removed the case to federal court.

The case proceeded to trial, and at the close of Plaintiff's evidence, Dollar General moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).  Dollar General argued that the placement of the pool display did not pose an unreasonable risk of harm, and even if it did, the harm was open and obvious.  The district court denied the motion.

At the conclusion of the trial, the jury returned a verdict on liability, finding that Dougay was thirty-two percent at fault and Dollar General was sixty-eight percent at fault.  Consistent with the jury's verdict, the district court entered a final judgment awarding Dougay $357,110.14.  Following the verdict, Dollar General filed a renewed motion for judgment as a matter of law under Rule 50(b).  It again asserted that the evidence was legally insufficient to support the jury's verdict because the pool display was open and obvious and, therefore, it did not owe Dougay a duty to warn.

The district court denied Dollar General's renewed motion, finding that there was "ample evidence" that supports the jury's verdict.  The district court found this evidence included a video of the incident and Dougay's testimony that she could not see the front part of the cart that she tripped on.  It additionally rejected Dollar General's assertion that because

No. 22-40479

Dougay knew the pools were raised off the ground that "she necessarily knew of the presence and location of the supports on which the display rested." Specifically, the district court refused to "indulge" the inference that because Dougay knew the pools rested on a cart, she therefore knew about the location of any protrusions from the cart. Dollar General timely appealed.

## II.

"A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict."[1] We review a district court's denial of a Rule 50 motion for judgment as a matter of law *de novo*, using the same legal standard as the district court.[2] Although our review is *de novo*, "we recognize that our standard of review with respect to a jury verdict is especially deferential."[3] Accordingly, a "litigant cannot obtain judgment as a matter of law unless the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary conclusion."[4]

## III.

Dollar General asserts that the swimming pool display was open and obvious as a matter of law and therefore Dougay failed to establish that it owed her a duty to warn. Under Texas law,[5] a property owner "generally has

---

[1] *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (internal quotation marks and citation omitted).

[2] *Nobach v. Woodland Vill. Nursing Ctr., Inc.*, 799 F.3d 374, 377 (5th Cir. 2015).

[3] *Flowers*, 247 F.3d at 235 (internal quotation marks and citation omitted).

[4] *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 675 (5th Cir. 2016) (internal quotation marks and citations omitted).

[5] We apply Texas substantive law to this diversity case. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam).

3

no duty to warn of hazards that are open and obvious or known to the invitee."[6]  A hazard is considered open and obvious "when the evidence conclusively establishes that an invitee would have knowledge and full appreciation of the nature and extent of danger, such that knowledge and appreciation of the danger are considered as proved as a matter of law."[7] This is an objective inquiry that asks "what a reasonably prudent person would have known under similar circumstances."[8]  Finally, in applying this objective test, courts must consider the "totality of the particular circumstances the plaintiff faced."[9]

On appeal, the parties dispute whether Dougay established that Dollar General owed her a duty to warn.  Dollar General contends that the evidence presented at trial "firmly established the claimed premises defect was open and obvious" and the only evidence to the contrary was Dougay's conclusory and unsupported testimony that she could not see the front of the cart.  It specifically argues that a reasonably prudent person "who saw the swimming pools when approaching the display, deduced there was something underneath to support the pools, and navigated around the pools, all of which Dougay did, would have been able to see the front of the cart if [he/she] had merely looked."

Having reviewed the briefings, evidence presented at trial, and the closed-circuit video, we cannot say that "the facts and inferences point so strongly and overwhelmingly in [Dollar General's] favor that reasonable

---

[6] *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015).

[7] *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021) (internal quotation marks and citation omitted).

[8] *Id.* (citing *Tex. Dep't of Hum. Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014)).

[9] *Id.* at 788-89 (internal quotation marks and citation omitted).

No. 22-40479

jurors could not reach a contrary conclusion."[10]  Despite Dollar General's assertions to the contrary, there was evidence presented at trial, including Dougay's testimony, video footage, and testimony from Dollar General's corporate representative,[11] which provide a legally sufficient evidentiary basis for the jury's verdict that the front of the cart was not open and obvious.[12] And although Dollar General points to conflicting evidence in the record, "we are not free to reweigh the evidence or to re-evaluate credibility of witnesses" and cannot "substitute for the jury's reasonable factual inferences other inferences that we may regard as more reasonable."[13]

We therefore conclude that the district court did not err in denying Dollar General's motions for judgment as a matter of law under Rules 50(a) and 50(b).  For these reasons, and those given by the district court, we AFFIRM.

---

[10] *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002) (internal quotation marks and citation omitted).

[11] Dollar General's corporate representative testified that she could see the front of the cart as "somebody who has been around these for a while" but that "[d]epending on the angle that" a customer was coming from, they may not be able to see the front of the cart.

[12] Plaintiffs' reliance on *Reeves v. Home Depot, U.S.A., Inc.*, No. 16-CA-615, 2018 WL 405120 (W.D. Tex. Jan. 12, 2018) is inapposite.  Unlike the situation in *Reeves* where the court found "there was nothing obscuring the platform . . . from view," Dougay presented evidence to the jury that the front of the cart was obscured from view at the angle she was walking down the aisle. *See id.* at *4 (holding that "[a]ny person walking down the aisle should have seen the stationary and openly visible order picker and walked around it, as Reeves did twice before ultimately tripping over its protruding platform").

[13] *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009) (internal quotation marks and citation omitted).